## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.L.**

**No. 22-946** (Jackson County CC-18-2021-JA-126)

## MEMORANDUM DECISION

Petitioner Father M.L.[1] appeals the Circuit Court of Jackson County's November 30, 2022, order terminating his custodial rights to the child, J.L.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2021, the DHHR filed a petition alleging that petitioner abused and/or neglected the child based on his substance abuse. According to the petition, the child resided with petitioner's mother and grandmother, from whom petitioner took money to support his drug addiction and threatened to remove the child if they failed to meet his demands. At a hearing in June 2022, the DHHR presented evidence consistent with the allegations in the petition, and the court adjudicated petitioner as an abusive and neglectful parent. Petitioner then filed a written motion for an improvement period.

The court proceeded to disposition in October 2022, at which time petitioner was not present but was represented by counsel. The court heard testimony of a DHHR worker and, based on the evidence presented, the court noted that petitioner failed to participate in services offered by the DHHR, missed several drug screens, and tested positive for drugs when he did screen. Because of his noncompliance and positive drug test results, petitioner did not visit the child throughout the proceedings. There was no evidence presented by petitioner that he would be likely to participate in an improvement period, and the court found that to grant an improvement period would be an exercise in futility. Therefore, the court denied petitioner's motion for an improvement period. The court then terminated petitioner's custodial rights to the child based on the guardian's recommendation and considering the child's need for continuity of care and

---

[1]Petitioner appears by counsel Kevin P. Davis. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Ryan M. Ruth appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

caregivers. The court found no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. It is from the dispositional order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in denying his motion for an improvement period, but this argument is without merit. While it is true that petitioner complied with some court-ordered services, this minimal compliance is insufficient to establish that he would be likely to participate in an improvement period. *See* W. Va. Code 49-4-610 (requiring that in order to obtain an improvement period, a parent must demonstrate that they are likely to fully comply). Additionally, petitioner ignores the fact that the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the court considered that petitioner did not appear for the dispositional hearing or present any evidence that he would be likely to participate in an improvement period. Furthermore, based on the evidence presented, the court found no improvement likely because petitioner failed to avail himself of DHHR services, was noncompliant with drug screens, and tested positive for drugs on the few occasions he did appear for screening. As a result, petitioner was unable to participate in visits with the child throughout the proceeding. As we have explained, "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). We find compelling reasons to deny petitioner's motion for an improvement period, and this Court cannot find that the circuit court abused its discretion.

We likewise find no error in the circuit court's order terminating petitioner's custodial rights to the child. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are directed to terminate custodial rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. The circuit court found no reasonable likelihood that conditions of abuse or neglect could be substantially corrected in the near future because petitioner habitually abused controlled substances and did not follow through with appropriate treatment. *See* W. Va. Code § 49-4-604(d)(1) (establishing that parent's habitual abuse of or addiction to "controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment" constitutes a situation in which there is no reasonable likelihood conditions of abuse or neglect can be substantially corrected). The court also properly found termination of petitioner's custodial rights to be in the best interests of the child. Accordingly, termination was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court and its November 30, 2022, order is hereby affirmed.

---

[3]The mother's custodial rights were also terminated. The permanency plan is guardianship with the child's maternal grandmother.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn